ELIZABETH FENDRICH, Sometimes Known as Beartes or Beta Fendrich, and Anna Tuhy, Appellants, v. BUFFALO PITTS COMPANY, a Corporation, A. Y. More, and John More, Co-partners as More Brothers, Respondents.

(180 N. W. 707.)

**Appeal and error — stipulations — appellant held not entitled to question execution of mortgage or proof as to power of attorney in suit to determine adverse claims.**

In an action to determine adverse claims where the answering defendant has asserted the lien of its mortgage and demanded foreclosure thereof, and where, pursuant to stipulation, an abstract of title has been introduced showing such mortgage and also proof of the indebtedness for which the mortgage is security, and where the possession of the power of attorney has not been alleged in the answer, it is *held*, upon appeal, for reasons stated in the opinion, that the appellant is in no position to question the due execution of the mortgage nor the absence of pleading or proof concerning the possession of a power of attorney.

Opinion filed December 16, 1920.

Action in district court, Dunn county, *Crawford*, J.

From a judgment in favor of the answering defendant, the plaintiff has appealed.

Affirmed.

*J. P. Cain,* for respondents.

A mortgage properly acknowledge may be introduced in evidence and read without further proof, and, when so introduced and read, it makes a prima facie case, although its execution is denied by a verified answer. Mortgage Co. v. Hegwer (Kan.) 51 Pac. 915; Murray v. Foskett (Minn.) 130 N. W. 14; Tucker v. Helgren, 102 Minn. 382, 113 N. W. 912; Brockman v. Rees, 173 Pac. 525; Bliss v. Waterburg (S. D.) 131 N. W. 721; Akins v. Adams, 256 Mo. 2, 164 S. W. 603.

Appellants cannot abandon the theory upon which they tried the case below and adopt a new and different theory on appeal. Ugland v. Bank, 23 N. D. 536; R. v. R. Com. 31 N. D. 597; Crisp v. Bank, 32 N. D. 263; Hocksprung v. Young, 27 N. D. 322, supra.

*M. L. McBride* and *T. F. Murtha,* for respondents.

BRONSON, J. This is an action to determine adverse claims concerning 160 acres of land. The answering defendant asserts the lien of a mortgage, and prays for its foreclosure. At the trial the defendant offered in evidence certain notes secured by the mortgage, bearing the signature of Beartes Fendrich, one of the plaintiffs, and the abstract of title covering the land. It was stipulated between the parties that such abstract might be considered as evidence in lieu of the record excepting a certain deed mentioned therein. A witness for one of the defendants also identified the signature of Beartes Fendrich, as her signature upon the notes. The trial court, upon findings, rendered judgment decreeing a foreclosure of the mortgage.

From the record it appears that subsequent to this judgment, dated May 13, 1920, the plaintiffs filed their reply which was acknowledged on August 12, 1920.

The plaintiff complains, upon this appeal, that the mortgagee failed to prove in the record the due execution of the notes and mortgage and failed to allege and prove the possession of a power of attorney by the attorney for the mortgagee. These contentions are wholly without merit.

Under the stipulations made, the statutory presumption of the due execution of the mortgage obtains. Comp. Laws 1913, § 5597. Concerning the execution of the notes, proof was produced. No objection was made by demurrer or otherwise concerning the failure of the mort-

gagee to allege the possession of the power of attorney by its attorney. On this record the plaintiffs are not in a position to make such objection even though under § 8075, Comp. Laws 1913, it should be held (which we do not determine), that the possession of such power of attorney should be alleged in an answer demanding a foreclosure, in an action to determine adverse claims. The judgment is affirmed with costs to the respondent.

CHRISTIANSON, Ch. J., and BIRDZELL, ROBINSON, and GRACE, JJ., concur.